UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John Stotesbery,<br><br>*On behalf of himself and those similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>Muy Pizza-Tejas, LLC; Ayvaz Pizza, LLC; Shoukat Dhanani; Doe Corporation 1-10; John Doe 1-10,<br><br>Defendants. | Case No. 22-cv-01622-KMM-TNL<br><br>**AYVAZ PIZZA, LLC'S AND SHOUKAT DHANANI'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |

Defendants Ayvaz Pizza, LLC ("Ayvaz") and Shoukat Dhanani ("Dhanani") (collectively, the "Ayvaz Defendants") hereby respond to Plaintiff John Stotesbery's Motion for Leave to File Third Amended Complaint ("Motion for Leave").

The Ayvaz Defendants adopt the arguments advanced by the Muy Defendants and as set forth in their Memorandum in Opposition to Plaintiff's Motion for Leave to File Third Amended Complaint. *See* ECF # 214. In addition to these arguments, the Ayvaz Defendants oppose the proposed amendment to the Third Amended Complaint for the following reasons:

Federal Rule of Civil Procedure 15(a)(2) states "a party may amend its pleading only with the opposing party's written consent or the court's leave[,] [and] [t]he court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). However, "[f]utility is a valid basis for denying leave to amend." *Jackson v. Riebold*, 815 F.3d 1114, 1122 (8th Cir. 2016). "[W]hen the court denies leave on the basis of futility, it means the

district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Munro v. Lucy Activewear, Inc.*, 899 F.3d 585, 588–89 (8th Cir. 2018)

In the Third Amended Complaint, Plaintiff seeks to add Defendant James Bodenstedt as an alleged "employer" under the FLSA and to certify an opt-in FLSA class relating to Bodenstedt as follows:

> As against Defendant James Bodenstedt, Plaintiff also brings the First Count on behalf of himself and All similarly situated current and former delivery drivers employed at the Defendants' Pizza Hut stores owned, operated, and controlled by Defendants nationwide, during the three years prior to the filing of this Class Action Complaint and the date of final judgment in this matter, who elect to opt-in to this action (the "Bodenstedt FLSA Collective") …

*See* Plaintiffs' proposed Third Amended Complaint (also "Compl.", at ECF # 196-1, at ¶ 182) (referred to as the "Bodenstedt Class Definition").

In the Third Amended Complaint, Plaintiff alleges that, until September 28, 2021, Muy Pizza Tejas, LLC ("Muy Pizza") controlled and employed the delivery drivers who worked for Muy Pizza. Compl., ¶¶ 18-24. Plaintiff further alleges that Bodenstedt is the Chief Executive Officer, founder, and operator of Muy Pizza. Compl., ¶¶ 42-48. Plaintiff further alleges that Bodenstedt served in this capacity and is liable as an employer for alleged violations of the FLSA "during the time period when Defendants' Pizza Hut stores were owned and operated by the MUY Defendants." *Id.*, ¶¶ 44, 47-53. By October of 2021, Plaintiff pleads that Bodenstedt had sold his interest in the Defendants' Pizza Hut stores and retained liability for past claims asserted by the delivery drivers employed by Muy Pizza. *Id.*, ¶¶ 65-66.

Muy Pizza owned and operated Pizza Hut stores until September 28, 2021. *Id.*, ¶ 15. From on or about September 28, 2021 to present, Ayvaz Pizza, LLC ("Ayvaz Pizza") acquired and has owned and operated Defendants' Pizza Hut stores. *Id.*, ¶ 5. Plaintiffs allege (and Ayvaz Pizza denies) that Ayvaz Pizza is liable for claims prior to September 28, 2021 as a successor employer that assumed this responsibility with respect to its acquisition of the Pizza Hut stores at issue in the litigation (Defendants' Pizza Hut Stores). *Id.*, ¶ 90.

Based on a review of the Third Amended Complaint as a whole, there is no allegation that Bodenstedt owned, worked for, or exercised control over Ayvaz Pizza's Pizza Hut stores after selling the stores on or about September 28, 2021. *See generally* Compl. There is no allegation that Bodendstadt engaged in any activity relating to the claims asserted by the delivery drivers after September 28, 2021. *Id.*

Nevertheless, and with respect to the "Bodenstedt Class Definition," Plaintiff inexplicably seeks to certify an FLSA class with respect to delivery drivers who worked at Defendants' (defined collectively to include Ayvaz Pizza and Defendant Shoukat Dhanani) Pizza Hut stores in the three years prior to the filing of the Third Amended Complaint in this matter. *See* Compl., ¶ 183. On its face, this encompasses a class of delivery drivers who worked for Ayvaz Pizza after September 28, 2021 until the filing of the Third Amended Complaint. *Id.*

The FLSA permits a plaintiff to bring a lawsuit "against any employer ... on behalf of himself ... and other employees similarly situated." 29 U.S.C. § 216(b). "The term 'similarly situated' is not defined by the FLSA, but it 'typically requires a showing that an

3

employer's commonly applied decision, policy, or plan similarly affects the potential class members, and inflicts a common injury on plaintiffs and the putative class.'" *Chin v. Tile Shop, LLC*, 57 F. Supp. 3d 1075, 1083 (D. Minn. 2014) (quoting *Keef v. M.A. Mortenson Co.*, No. 07-cv-3915 (JMR/FLN), 2008 WL 3166302, at *2 (D. Minn. Aug. 4, 2008)). "[W]here a plaintiff brings an FLSA claim for and on behalf of himself ... and other employees similarly situated,' the complaint should indicate who those other employees are, and allege facts that would entitle them to relief." *Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094, 1102 (S.D. Iowa 2008).

To avoid dismissal, a complaint must include enough facts to state a claim to relief that is plausible on its face. *Markewich ex rel. Medtronic, Inc. v. Collins*, 622 F. Supp. 2d 802, 806 (D. Minn. 2009). Here, Plaintiff has not alleged any facts that would entitle delivery drivers who worked for Ayvaz Pizza after September 28, 2021, to obtain relief for an FLSA opt-in class asserted against Defendant Bodenstedt. Again, and based on a review of the Third Amended Complaint as a whole, there is no allegation that Bodenstedt worked for or managed Ayvaz's Pizza Hut stores after selling the stores on or about September 28, 2021. *See generally* Compl. There is no allegation that Bodendstadt engaged in any activity relating to the claims asserted by the delivery drivers after September 28, 2021. *Id.*

On its face, the proposed class definition is legally deficient. Plaintiff has not alleged any basis for how Defendants Ayvaz and Dhanani could be liable for collective action claims asserted against Bodenstedt with respect to individuals who were employed by Ayvaz Pizza after September 28, 2021. Indeed, the attempted assertion of such a class

4

appears to be an attempt to conduct an end-run around the Court's previous ruling limiting the scope of the class here as to the Ayvaz Defendants to Minnesota drivers only. *See* Order on Motion to Dismiss at ECF #59 (granting Motion to Dismiss putative class members outside the State of Minnesota). Because the addition of the Bodenstedt Class is the crux of the proposed amendment of the Third Amended Complaint, this Court should deny Plaintiff's request to file the Third Amended Complaint for this reason as well.

WHEREFORE, the Ayvaz Defendants also request that the Court deny Plaintiff's Motion for Leave to File a Third Amended Complaint.

Dated: January 16, 2024

Fisher & Phillips LLP

By: *s/ Joel W. Rice*
Joel W. Rice (pro hac vice)
Franklin Z. Wolf (pro hac vice)
Fisher & Phillips LLP
10 S. Wacker Drive, Suite 3450
Chicago, Illinois 60606
Telephone: (312) 346-8061
jirce@fisherphillips.com
fwolf@fisherphillips.com

*Attorneys for Defendants Ayvaz Pizza, LLC and Shoukat Dhanani*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(f) and (h), the undersigned certifies that the foregoing document meets the word-count and type-size requirements as set forth therein. The foregoing document contains 1,342 words, exluding the text identified in Local Rule 7.1(f)(1)(C).

Dated: January 16, 2024

Fisher & Phillips LLP

By: *s/ Joel W. Rice*
Joel W. Rice (pro hac vice)
Franklin Z. Wolf (pro hac vice)
Fisher & Phillips LLP
10 S. Wacker Drive, Suite 3450
Chicago, Illinois 60606
Telephone: (312) 346-8061
jirce@fisherphillips.com
fwolf@fisherphillips.com

*Attorneys for Defendants Ayvaz Pizza, LLC and Shoukat Dhanani*