IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| John Stotesbery,<br><br>*On behalf of himself and those similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>MUY Pizza-Tejas, LLC, *et al.*,<br><br>Defendants. | Case No. 0:22-cv-01622-KMM-TNL |

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANTS MUY PIZZA-TEJAS, LLC, MUY PIZZA MINNESOTA, LLC, AND JAMES BODENSTEDT

The Court, having reviewed Plaintiff's Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement Between Plaintiff and Defendants MUY Pizza-Tejas, LLC, MUY Pizza Minnesota, LLC, and James Bodenstedt, hereby ORDERS:

1. The Motion for Preliminary Approval of Settlement Between Plaintiff and the MUY Defendants, including the Settlement Agreement attached thereto as Exhibit 1, is hereby GRANTED.

2. Under R. Civ. P. 23(b)(3), the following Proposed Class is certified for settlement purposes:

> All former delivery driver employees employed at one or more of the MUY Defendants' Minnesota stores at any time between June 21, 2019 and September 27, 2021.

3. The Proposed Class is also certified, for settlement purposes, as a collective action under Section 216 of the Fair Labor Standards Act.

4. For the purposes of preliminarily approving the proposed settlement, the Proposed Class meets the requirements for certification of a settlement class under Rules 23(a) and 23(b)(3) of the Rules of Civil Procedure: (a) the Proposed Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law or fact common to the Proposed Class; (c) certain claims of Plaintiff are typical of the claims of members of the Proposed Class; (d) Plaintiff and his counsel will fairly and adequately protect the interests of the Proposed Class; (e) common issues predominate over individual issues; and (f) a class action is superior to the other available methods for an efficient resolution of this controversy.

5. For purposes of preliminarily approving the proposed settlement, that the members of the Proposed Class are "similarly situated" for purposes of certification under 29 U.S.C. § 216.

6. The Court's conditional findings are limited solely to the claims brought on behalf of the Proposed Class. The Court's findings are for purposes of certifying the Rule 23 class and the FLSA collective action for settlement purposes only and will not have any claim or issue preclusion or estoppel effect in any other case or action, or in this case, if the settlement is not finally approved.

7. The proposed settlement falls within the range of reasonableness and, therefore, the Court grants preliminary approval of the settlement. Based on a review of the papers submitted by the parties, the Court finds that the settlement is the result of arms-length negotiations conducted after Class Counsel has adequately investigated the claims and became familiar with the strengths and weaknesses of those claims.

8. The Notices of Settlement and the procedure set forth in the Settlement and Release Agreement for providing notice to the Subclasses will provide the best notice practicable, satisfy the notice requirements of Rule 23(e), adequately advise the Proposed Class of their rights under the Settlement Agreement and, therefore, meet the requirements of due process and are approved.

   a. The Notices of Settlement fairly, plainly, accurately, and reasonably inform the Proposed Subclasses of: (1) appropriate information about the nature of this Action, the definition of the class, the identity of Class Counsel, and the essential terms of the settlement, including the plan of distribution; (2) appropriate information about Plaintiff's and Class Counsel's forthcoming applications for the class representative's service payment and the Class Counsel's attorneys' fees and litigation costs award; (3) appropriate information about how to claim a share of the proceeds under the settlement, and about the Proposed Class members' right to appear through counsel if they desire; (4) appropriate information about how to object to the settlement or submit an opt-out request, if a Proposed Class member wishes to do so;

and (5) appropriate instructions about how to obtain additional information regarding this case and settlement.

b. The proposed plan for mailing the Notices of Settlement and the Claim Form by first class mail and email to the Proposed Class members' last known addresses is an appropriate method, reasonably designed to reach all individuals who would be bound by the settlement. Likewise, the proposed plan of allowing the third-party claims administrator to take reasonable measures to update contact information is likewise appropriate.

9. The attorneys' fees and costs requested are provisionally approved. The fees and costs will be approved after the final hearing occurs, taking into account any objections.

10. The proposed service award is preliminarily approved, absent any objections at the Final Fairness Hearing.

11. The administration fees are reasonable and therefore approved.

12. The Parties are ordered to carry out the settlement according to its terms.

13. A Final Fairness Hearing will be held on October 8, 2024 at 1 p.m. in Courtroom 14W at the United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415. Any objectors wishing to be heard through themselves or counsel must comply with the terms of the Class Notice to submit written objections and to appear at the Final Hearing to present such objections.

14. That any pleadings in support of the proposed settlement shall be filed by at least 10 days before the Final Fairness Hearing. In the event that the settlement is not finally

approved, or otherwise does not become effective, the Parties shall revert to their respective positions as of before entering into the settlement.

**IT IS SO ORDERED.**

Date: May 21, 2024                                              *s/ Katherine M. Menendez*
                                                                 Katherine M. Menendez
                                                                 United States District Judge