# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| John Stotesbery,<br><br>*On behalf of himself and those similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>MUY Pizza-Tejas, LLC, *et al.*,<br><br>Defendants. | Case No. 0:22-cv-01622-KMM-TNL |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANTS MUY PIZZA-TEJAS, LLC, MUY PIZZA MINNESOTA, LLC, AND JAMES BODENSTEDT**

The Court, having reviewed Plaintiff's Unopposed Motion for Final Approval of Class and Collective Action Settlement Between Plaintiff and Defendants MUY Pizza-Tejas, LLC, MUY Pizza Minnesota, LLC, and James Bodenstedt, and Plaintiff's Supplemental Brief in Support of Unopposed Motion for Final Approval of Class and Collective Action Settlement, and having held a Final Fairness Hearing on October 8, 2024, at 1:00 PM, in Courtroom 14W at the U.S. District Court for the District of Minnesota, 300 South Fourth Street, Minneapolis, Minnesota 55415, hereby ORDERS and ADJUDGES:

1. The Motion for Final Approval of Settlement Between Plaintiff and the MUY Defendants is hereby GRANTED.

2. The class members have received the best notice of the settlement practicable under the circumstances. Individual notice has been sent via U.S. mail to all members who could be identified through reasonable effort. The notice clearly and concisely stated in plain language the nature of the action, the class definition, and the class members' options. *See* Rule 23(c)(2)(B); (e)(1).

3. The settlement agreement entered into between the parties is fair, reasonable, and adequate. *See* Fed. R. Civ. P. 23(e)(2). The class representative and class counsel have adequately represented the class, the proposal was negotiated at arm's length, and the proposal treats class members equitably relative to each other. *Id*. at Rule 23(e)(2)(A), (B), and (D). Most importantly, the relief provided to the class is adequate taking into account the costs, risks, and delay of trial and appeal, the effectiveness of any proposed method for distributing relief to the class, terms of any proposed attorneys' fee award, including the timing of payment, and any related agreements. *Id.* at Rule 23(e)(2)(C); *see In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 933 (8th Cir. 2005) ("The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is 'the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement.'") (quoting *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1150 (8th Cir. 1999)). The Court hereby APPROVES the parties' settlement.

4. The attorneys' fees, costs, and service awards contemplated in the settlement agreement are approved. "In the Eighth Circuit, use of a percentage method of awarding attorney fees in a common-fund case is not only approved, but also 'well established.'" *In re Xcel Energy, Inc., Secs., Derivative & "ERISA" Litig.*, 364 F. Supp. 2d

980, 991 (D. Minn. 2005) (quoting *Petrovic*, 200 F.3d at 1157). "The key issue is whether the desired percentage is reasonable." *Khoday v. Symantec Corp.*, No. 11-cv-180 (JRT/TNL), 2016 U.S. Dist. LEXIS 55543, at *25 (D. Minn. Apr. 4, 2016).

5. One-third is a customary attorneys' fee award in common fund cases in the Eighth Circuit and in other pizza delivery driver under-reimbursement litigation. *See, e.g.*, *Tussey v. ABB, Inc.*, No. 06-CV-04305-NKL, 2019 WL 3859763, at *2 (W.D. Mo. Aug. 16, 2019) "Courts in this Circuit … have frequently awarded attorney fees of 33 1/3% - 36% of a common fund."); *Young v. Rolling in the Dough, Inc.*, No. 1:17-cv-07825, 2020 U.S. Dist. LEXIS 35941, at *15–16 (N.D. Ill. Feb. 26, 2020) (awarding one-third of common fund in delivery driver under-reimbursement case); *Arp v. Hohla & Wyss Enters., LLP*, No. 3:18-cv-119, 2020 U.S. Dist. LEXIS 207512, at *16–22 (S.D. Ohio Nov. 5, 2020) (awarding one-third in attorneys' fees in delivery driver under-reimbursement case).

6. The requested attorneys' fee amount is also reasonable when considering the relevant factors stated in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717–20 (5th Cir. 1974). *See Keil v. Lopez*, 862 F.3d 685, 701 (8th Cir. 2017) (explaining that district courts in the Eighth Circuit may consider relevant *Johnson* factors). The *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved in the litigation; (3) the legal skills required; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances of the matter; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

3

7. Plaintiffs' counsel's lodestar in this matter attributable to the MUY Defendants is $476,777.53. The requested attorneys' fee amount results in a lodestar multiplier of 3.15×. This lodestar multiplier is reasonable based on Eighth Circuit precedent. *See, e.g.*, *Rawa v. Monsanto Co.*, 934 F.3d 862, 870 (8th Cir. 2019) (approving 5.3× multiplier as reasonable). In addition, the other *Johnson* factors either favor approval of the requested attorneys' fee amount or are neutral.

8. Plaintiff requests attorneys' fees in the amount of one-third of the settlement fund, or $1,500,000. On May 21, 2024, this Court provisionally approved this request for attorneys' fees as reasonable, subject to any objections raised by class members after they received notice of the settlement. *See* ECF # 272, ¶ 9. Now that the notice process is complete, the Court notes there are no objections to the requested attorneys' fees. Therefore, Plaintiff's request for attorneys' fees in the amount of $1,500,000 is APPROVED.

9. Plaintiff's counsel request reimbursement of advanced litigation expenses in the amount of $44,787.32. These costs were reasonable and necessary for the prosecution of this case. Plaintiff's counsel's request for reimbursement of litigation costs in the amount of $44,787.32 is hereby APPROVED.

10. The Court previously approved administrative expenses in the amount of $24,000 as reasonable, and hereby confirms that the administrative costs are APPROVED.

11. Finally, Plaintiff requests a service award in the amount of $10,000 to John Stotesbery. Mr. Stotesbery's efforts in this case have resulted in thousands of his co-

workers receiving substantial relief. The service award of $10,000 to John Stotesbery is reasonable and hereby APPROVED.

12. The parties are ORDERED to carry out the settlement pursuant to its terms. The Court will retain jurisdiction over any disputes that may arise while the settlement is carried out.

Date: February 26, 2025                         *s/Katherine Menendez*
                                                Katherine Menendez
                                                United States District Judge