UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John Stotesbery,<br><br>*On behalf of himself and those similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>Ayvaz Pizza, LLC, *et al.*,<br><br>Defendants. | Case No. 0:22-cv-01622-KMM-DLM |

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT BETWEEN PLAINTIFF AND AYVAZ DEFENDANTS

The Court, having reviewed Plaintiff's Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement Between Plaintiff and Defendants Ayvaz Pizza, LLC, Ayvaz Holdings, LLC, Shoukat Dhanani, and Usman Dhanani, hereby ORDERS and ADJUDGES:

1. The Motion for Preliminary Approval of Settlement Between Plaintiff and the Ayvaz Defendants, including the Settlement Agreement attached thereto as Exhibit 1, is hereby GRANTED.

2. Under R. Civ. P. 23(b)(3), the following Proposed Class is certified for settlement purposes:

> All former delivery driver employees employed at one or more of the Ayvaz Defendants' Minnesota stores at any time between September 28, 2021 and September 21, 2025.

3. The Proposed Class is also certified, for settlement purposes, as a collective action under Section 216 of the Fair Labor Standards Act.

4. For the purposes of approving the proposed settlement, the Proposed Class meets the requirements for certification of a settlement class under Rules 23(a) and 23(b)(3) of the Rules of Civil Procedure: (a) the Proposed Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law or fact common to the Proposed Class; (c) certain claims of Plaintiff are typical of the claims of members of the Proposed Class; (d) Plaintiff and his counsel will fairly and adequately protect the interests of the Proposed Class; (e) common issues predominate over individual issues; and (f) a class action is superior to the other available methods for an efficient resolution of this controversy.

5. For purposes of approving the proposed settlement, that the members of the Proposed Class are "similarly situated" for purposes of certification under 29 U.S.C. § 216.

6. The Court finds that it will likely be able to approve the settlement, after notice to the class, because the settlement appears fair, reasonable, and adequate considering the factors listed in Rule 23(e)(2). Based on a review of the papers submitted by the parties, the Court preliminarily finds that Plaintiff and Plaintiff's counsel have adequately represented the class, the settlement is the result of arms-length negotiations, the relief provided to the class is adequate, taking into account the costs, risks, and delays of trial and appeal, the effectiveness of the proposed method for distributing relief to the class, the terms of the proposed attorneys' fees, including the timing of payment, and that the settlement treats class members equitably relative to each other.

7. The Notices of Settlement and the procedure set forth in the Settlement and Release Agreement for providing notice to the Class will provide the best notice practicable, satisfy the

notice requirements of Rule 23(e), adequately advise the Proposed Class of their rights under the Settlement Agreement and, therefore, meet the requirements of due process and are approved.

    a. The Notices of Settlement fairly, plainly, accurately, and reasonably inform the Proposed Class of: (1) appropriate information about the nature of this Action, the definition of the class, the identity of Class Counsel, and the essential terms of the settlement, including the plan of distribution; (2) appropriate information about Plaintiff's and Class Counsel's forthcoming applications for the class representative's service payment and the Class Counsel's attorneys' fees and litigation costs award; (3) appropriate information about how to claim a share of the proceeds under the settlement, and about the Proposed Class members' right to appear through counsel if they desire; (4) appropriate information about how to object to the settlement or submit an opt-out request, if a Proposed Class member wishes to do so; and (5) appropriate instructions about how to obtain additional information regarding this case and settlement.

    b. The proposed plan for mailing the Notices of Settlement and the Claim Form by first class mail and email to the Proposed Class members' last known addresses is an appropriate method, reasonably designed to reach all individuals who would be bound by the settlement. Likewise, the proposed plan of allowing the third-party claims administrator to take reasonable measures to update contact information is likewise appropriate.

8. The attorneys' fees and request for reimbursement of reasonable costs related to the litigation are preliminarily approved. The fees and costs will be approved after the final hearing occurs, taking into account any objections.

9. The proposed service award is preliminarily approved. The service award will be approved after the final hearing occurs, taking into account any objections.

10. The administration fees, to be reimbursed from the Settlement, are reasonable and therefore approved.

11. The Parties are ordered to carry out the settlement according to its terms.

12. A Final Fairness Hearing will be held on **February 9, 2026 at 9:30 a.m. in Courtroom 14W at the Diana E. Murphy United States Courthouse, 300 South 4th Street, Minneapolis, Minnesota 55415**. Any objectors wishing to be heard through themselves or counsel must comply with the terms of the Class Notice to submit written objections and to appear at the Final Hearing to present such objections.

13. That any pleadings in support of the proposed settlement shall be filed by at least 10 days before the Final Fairness Hearing. In the event that the settlement is not finally approved, or otherwise does not become effective, the Parties shall revert to their respective positions before entering into the settlement.

**IT IS SO ORDERED**.

Date: October 24, 2025

*s/Katherine Menendez*
Katherine Menendez
United States District Judge