UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John Stotesbery,<br><br>*On behalf of himself and those similarly situated*,<br><br>Plaintiff,<br>v.<br><br>Ayvaz Pizza, LLC, *et al.*<br><br>Defendants. | Case No. 0:22-cv-01622-KMM-DLM |

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT WITH AYVAZ DEFENDANTS

The Court has carefully reviewed Plaintiff's Unopposed Motion for Final Approval of Class and Collective Action Settlement with Ayvaz Defendants and held a Final Fairness Hearing on February 9, 2026, at 9:30 AM, in Courtroom 14W at the U.S. District Court for the District of Minnesota, 300 South Fourth Street, Minneapolis, Minnesota 55415. Based on the motion, and on the entire record in this matter, **IT IS HEREBY ORDERED THAT**:

1. The Motion for Final Approval of Settlement with Ayvaz Defendants is hereby **GRANTED**.

2. The class members have received the best notice of the settlement practicable under the circumstances. Individual notice has been sent via U.S. mail and electronic mail to all members who could be identified through reasonable effort. The notice clearly and

concisely stated in plain language the nature of the action, the class definition, and the class members' options. *See* Rule 23(c)(2)(B); (e)(1).

3.  The settlement agreement entered into between the parties is fair, reasonable, and adequate. *See* Fed. R. Civ. P. 23(e)(2). The class representative and class counsel have adequately represented the class, the proposal was negotiated at arm's length, and the proposal treats class members equitably relative to each other. *Id*. at Rule 23(e)(2)(A), (B), and (D). Most importantly, the relief provided to the class is adequate taking into account the costs, risks, and delay of trial and appeal, the effectiveness of any proposed method for distributing relief to the class, terms of any proposed attorneys' fee award, including the timing of payment, and any related agreements. *Id.* at Rule 23(e)(2)(C). The Court hereby **APPROVES** the parties' settlement.

4.  Plaintiff's request for attorneys' fees in the amount of one-third of the settlement fund, or $333,333.33 is reasonable. On October 24, 2025, this Court provisionally approved this request for attorneys' fees as reasonable, subject to any objections raised by class members after they received notice of the settlement. *See* ECF # 356, ¶ 8. Now that the notice process is complete, the Court notes there are no objections to the requested attorneys' fees. Plaintiff's request for attorneys' fees in the amount of $333,333.33 is **APPROVED**.

5.  Plaintiff's counsel request reimbursement of advanced litigation expenses in the amount of $35,063.03. These costs were reasonable and necessary for the prosecution of this case. Plaintiff's counsel's request for reimbursement of litigation costs in the amount of $35,063.03 is hereby **APPROVED**.

6. The Court previously approved administrative expenses in the amount of $15,850.00 as reasonable, and hereby confirms that the administrative costs are **APPROVED**.

7. Plaintiff requests a service award in the amount of $10,000 to John Stotesbery. Mr. Stotesbery's efforts in this case have resulted in thousands of his co-workers receiving substantial relief. The service award of $10,000 to John Stotesbery is reasonable and hereby **APPROVED**.

8. The parties are **ORDERED** to carry out the settlement pursuant to its terms. The Court will retain jurisdiction over any disputes that may arise while the settlement is carried out.

Date: February 13, 2026

*s/Katherine Menendez*
Katherine Menendez
United States District Judge
